UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BHOLA PAGE, | CASE NO. C19-1244JLR |
| Petitioner, | ORDER OF DISMISSAL |
| v. | |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondent. | |

## I.    INTRODUCTION

Before the court are (1) the report and recommendation of the Honorable Mary

Alice Theiler, United States Magistrate Judge, on Respondent ICE Field Office

Director's (the "Government") motion to dismiss and return (R&R (Dkt. # 9); MTD (Dkt.

# 5)), and (2) *pro se* Petitioner Bhola Page's motion for appointment of counsel (MFA

(Dkt. # 10)).  Having carefully reviewed the foregoing, the parties' submissions, and the

governing law, the court ADOPTS the Report and Recommendation, DENIES

//

Petitioner's motion for appointment of counsel without prejudice, and DISMISSES

Petitioner's action without prejudice.

## II.   BACKGROUND

Petitioner, a native and citizen of India who is currently detained at the Northwest

Detention Center in Tacoma, Washington, bring this 28 U.S.C. § 2241 immigration

habeas action to obtain release from immigration detention. (*See* Pet. (Dkt. # 1).) The

Government moved to dismiss on September 19, 2019. (*See generally* MTD.) On

September 27, 2019, Petitioner filed a motion to withdraw his habeas petition,

acknowledging the recent developments in the Government's attempts to obtain a travel

document and stating that he will refile his case at a later date. (MTW (Dkt. # 8) at 1.)

The Government did not object to Petitioner's motion to withdraw. (*See generally* Dkt.)

Accordingly, on October 30, 2019, Magistrate Judge Theiler issued a report and

recommendation recommending that the court grant Petitioner's motion to withdraw,

deny the Government's motion to dismiss as moot, and dismiss Petitioner's habeas

petition without prejudice. (*See* R&R at 2; Prop. Order (Dkt. # 9-1) at 1-2.)

On November 8, 2019, Petitioner filed a motion for appointment of counsel. (*See*

MFA.) Petitioner states that he does not have the funds to hire private counsel and that

his attempts to retain *pro bono* counsel have been unsuccessful. (*See id.* at 1.)

Accordingly, Petitioner asks the court to appoint counsel for him. (*See id.*) Additionally,

in what appears to be a response to Magistrate Judge Theiler's report and

recommendation, Petitioner states that he "does not understand[] why he would not be

precluded/ allowed to bring [*sic*] another 28 U.S.C. § 2241 challenge later. If this is the

1  case, then the Petitioner does not want to withdraw [his] 28 U.S.C. § 2241 motion." (*Id.*

2  at 2.)

3                                          III.    ANALYSIS

4  **A.       Report and Recommendation**

5          A district court has jurisdiction to review a Magistrate Judge's report and

6  recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must

7  determine de novo any part of the magistrate judge's disposition that has been properly

8  objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part,

9  the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

10  The court reviews de novo those portions of the report and recommendation to which

11  specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

12  (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review

13  the magistrate judge's findings and recommendations de novo if objection is made, but

14  not otherwise." *Id.* Because Petitioner is proceeding *pro se*, the court must interpret his

15  filings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

16          Because the portion of Petitioner's motion for appointment of counsel stating that

17  "Petitioner does not want to withdraw [his] 28 U.S.C. § 2241 motion" if Magistrate Judge

18  Theiler's report and recommendation would preclude him from re-filing his petition

19  relates to Magistrate Judge Theiler's findings (*see* MFA at 2), the court construes that

20  portion of the motion as an objection to Magistrate Judge Theiler's report and

21  recommendation. The objection misinterprets Magistrate Judge Theiler's report and

22  recommendation. Magistrate Judge Theiler noted that "even if the Court considered the

1   merits of the Government's the motion to dismiss and dismissed the action on that basis,

2   petitioner would not be precluded from bringing another § 2241 action challenging his

3   continued detention at a later date, as he apparently intends to do." Thus, Magistrate

4   Judge Theiler found that Petitioner would *not* be precluded from filing another petition,

5   meaning Petitioner's concerns are misplaced.

6         The court has thoroughly examined the record before it and finds Magistrate Judge

7   Theiler's reasoning persuasive in light of that record. Accordingly, the court ADOPTS

8   Magistrate Judge Theiler's report and recommendation, GRANTS Petitioner's motion to

9   withdraw, DENIES as moot the Government's motion to dismiss, and DISMISSES this

10   action without prejudice.

11   **B.**     **Motion for Appointment of Counsel**

12         Pursuant to 18 U.S.C. § 3006A, a district court may appoint counsel in the

13   "interests of justice" in a case brought under 28 U.S.C. § 2241. 18 U.S.C.

14   § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). "In deciding

15   whether to appoint counsel in a habeas proceeding, the district court must evaluate the

16   likelihood of success on the merits as well as the ability of the petitioner to articulate his

17   claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*,

18   718 F.2d 952, 954 (9th Cir. 1983). In light of the fact that the court resolved Petitioner's

19   only concern with Magistrate Judge Theiler's report and recommendation and is granting

20   Petitioner's motion to withdraw and dismissing his petition without prejudice, the court

21   will not appoint counsel at this time. Thus, Petitioner's motion to appoint counsel is

22   DENIED without prejudice.

1                                       **IV.    CONCLUSION**

2         In conclusion, the Court finds and ORDERS:

3         (1)      The Court ADOPTS the Report and Recommendation (Dkt. # 9);

4         (2)      Petitioner's motion to withdraw (Dkt. # 8) is GRANTED;

5         (3)      The Government's motion to dismiss (Dkt. # 5) is DENIED as moot;

6         (4)      Petitioner's motion for appointment of counsel (Dkt. # 10) is DENIED

7                   without prejudice;

8         (5)      This action is DISMISSED without prejudice; and

9         (6)      The Clerk is directed to send copies of this Order to the parties and to Judge

10                   Theiler.

11         Dated this 22nd day of November, 2019.

12

13

14                                                 JAMES L. ROBART
                                              United States District Judge

15

16

17

18

19

20

21

22